MOTION.

Case 107.

# Bell vs. Waggener.

Error to the Franklin County Court.

*Evidence. Judicial notice. Bank notes. Error.*

THIS was a writ of error to a judgment of the county court, rendered in favor of Waggener, a county creditor, against Bell, as county collector, of the levy made in the year 1824, and collectable and payable in the year 1825. The bill of exceptions, which purports to contain all the evidence, does not shew that Bell was collector, nor that the notes on the bank of the commonwealth were of less value than lawful currency; and the judgment was rendered for the nominal amount of the claim in lawful money.

It was assigned for error among other things, that there was no evidence that Bell was the county collector, and that the judgment was erroneous because the court did not scale the paper collected, to its specie value, but rendered judgment in lawful money for the nominal amount.

June 26.

Judge MILLS delivered the opinion of the court.

It seems to the court there was no evidence shewing that the bank paper was less than its nominal amount in value, and there was no error in giving judgment for the amount claimed. Judgment affirmed, with costs and damages.

*Petition for a rehearing, by Thomas B. Monroe.*

THE Counsel for the plaintiff would respectfully suggest that there are two points in this cause which deserve further consideration.

BELL
vs.
WAGGENER.

Petition for
rehearing.

It seems to be implied in the decision, that this court could take judicial notice, that the justices of the county court did know that Bell was the collector of the county levy of the year 1825, without any statement of their having any such knowledge being found in the bill of exceptions purporting to contain all the evidence in the case; and it seems to be held, that these justices of the county court of Franklin, at the metropolis of Kentucky, did not know, in February, 1826, that paper of the bank of the commonwealth had been of less value than its nominal amount in the preceeding year.

As to the first point it is not intended to insist, that every court may not be bound to know its own officers for the time being; for we have only to combat that *this* court does not know that the county court knew Bell had been their collector, not their sheriff, two years *before* the time of the trial. We know the sheriff and collector are not necessarily the same person. It is one thing for this court to presume the county court may have known the fact, and another thing to conclude they did, when a bill of exceptions appears containing all the evidence, without any mention of such fact. If that court could act on their own knowledge of a fact, which constitutes no part of the record, containing all the testimony, that knowledge must be taken as infallible, and not to be contradicted.

It therefore could not be said Bell might have disproved that he was collector; he could not be required to prove a negative, and much less could he be required to disprove what the tribunal is assumed to have known, *as a court*, and not by evidence in the case. In the trials of questions of fact, the controversy is with the adversary parties, and *by* evidence in writing; as by records, deeds or other writing, by parol testimony, or inspection, never by the knowledge of the triers, except on matters of universal knowledge, as of History and Geography. Here it cannot be said the acceptance or exercise of the office of county collector by Bell, was matter of general knowledge. It might have been proved, if true, by shewing the order of the court reciting his

execution of the bond, and taking the oaths of office, by shewing his bond, or by proving he exercised the duties. But if the order of court had been read in evidence, the effect of it, the copy appearing in the record, would have been a subject for the decision of that and this court, and so of the bond; and the execution of the bond would have been a question for evidence on both sides; and as to proof of the exercise of the office of collector, that might have been a subject of great contrariety of evidence and dispute.

It does, therefore, seem to the counsel, that this court ought to see on what the justices of the county court assumed this fact, since they have given us all the evidence on which they decided. But is it not against all rule, that any tribunal, court or jury, shall decide against any man, on facts they may pretend to know? Is it not an important privilege of the citizen, that he shall not be condemned on such ground, but shall hear and see the evidence, against him, and thereby have an opportunity of revising the decision? There can be no revision of any judgment on points, the court are at liberty to decide without evidence, except in the cases of historical and geographical facts, of which the revising court are as well informed as the inferior tribunal.

As to the statement of the official character of Bell made by the clerk in his entries in this case, they cannot operate against Bell; he had no control over them. The case of Lampton vs. Scott, 3 Marsh. 172, is in point on this question. That case is also referred to, to prove, that as the fact of Bell being collector does not appear, this court cannot take it that it exists.

But surely if the county court could know Bell had been collector of the county levy one year before the trial, they ought to have known that the commonwealths paper, in which it was collectable, was not worth its nominal amount. By the act of Dec. 29th, 1823, Session Acts, 375, the legislature, knowing the bank paper was at a discount, directed the courts expressly, in all such cases, to scale the pa per, and give judgment for its real value *only*.

It is insisted, that the paper currency of Kentucky being established by law, and thus made the medium in which all the public officers are paid, and the business of the government transacted, and the depreciation universally known, the judicial tribunals of the state ought to take notice judicially of the fact.

The depreciation of the notes of the bank of the commonwealth, is over and over again recognised by the legislature. It is found in the acts of almost every session. And it is believed this court has recognised or referred to the fact in one or more cases almost every term for the last five or six years, in several of which it is believed no evidence is found in the record. In fact, it is impossible that any man can have been ignorant of the matter; and surely what all men know, and what the laws notice, the courts cannot exclude from their judicial knowledge. Fifty years hence, this depreciation of the currency will be recorded in our history, and then the courts will notice it, as they now do the depreciation of the paper money of the revolutionary war; and surely what all men now know, may be as well noticed now by the court, as it can be fifty years hence, when this generation has passed away; and the fact is found only in books and tradition.

It is contended, that as the legislature had directed the money to be scaled; the court was bound to do it, and that if proof of witnesses was necessary, the plaintiff in the motion ought to have produced it before he could have given judgment.

I forbear to comment on the fact, that the plaintiff in the motion was one of the justices who made the appropriation to himself, because it was noticed in the brief.

THE Petition for a re-hearing was overruled.

*Monroe* for plaintiff; *Crittenden* for defendant.